*946 TEXTO COMPLETO DE LA SENTENCIA
Se nos solicitó, el 18 de agosto de 2000, la revisión de la Resolución emitida en corte abierta, el 5 de julio de 2000, y transcrita en minuta, el 19 de julio de 2000, por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso criminal con los número KLA00M0121, KPD00G0350 y KVI00G0029 (A Anita M. Navarro Piper se le acusa de homicidio, 33 L.P.R.A. see. 4004, violación al artículo 18 de la Ley de Propiedad Vehicular, 9 L.P.R.A. see. 3217, y por violación al artículo 4 de la Ley de Armas, 25 L.P.R.A. see. 414.) En dicha resolución el Tribunal declaró con lugar una "Moción In Limine" presentada por la defensa, el 3 de julio de 2000, donde se solicito al amparo de la Regla 9A de las de Evidencia que el Ministerio Público se abstuviera de presentar prueba o hacer referencia alguna a que la señora Anita M. Navarro Piper ("Navarro") había sido prostituta, que se ocupó un cápsula de crack vacía en el lugar de los hechos y que no se hiciera referencia a que la recurrida era o no usuaria de drogas. Se planteo en dicha Moción que la prueba señalada era inadmisible, conforme a las Reglas 18, 19 y 20 de Evidencia. La prueba objetada es una confesión de Navarro de que en el pasado se dedicaba a la prostitución, por lo que conoció a la víctima a través de la prostitución y que era usuaria de drogas. El Ministerio Público se opuso a dicha moción e indicó que no debe eliminarse la evidencia que se intenta presentar. El Ministerio Público traería la misma como prueba de motivación bajo la Regla 20 (B) de las Reglas de Evidencia.
I
Ante nos, mediante su petición de certiorari, el Ministerio Público señaló como error que el Tribunal incurrió en abuso de discreción al declarar con lugar la Moción In Limine presentada por al defensa. La Sociedad para Asistencia Legal (SAL), en representación de Navarro presentó su escrito de "Oposición a Petición de Certiorari" y un escrito titulado "Moción Urgente de Desestimación" donde argumentó que este Tribunal carece de jurisdicción por entender que el escrito de certiorari solicitado por el Procurador fue radicado transcurrido fuera del termino de treinta días de cumplimiento estricto, contados desde la fecha de la notificación de la resolución u orden recurrida, según establece la Ley de la Judicatura en su artículo 4.002 (f).
Por los fundamentos que exponemos a continuación, decretamos no ha lugar la solicitud para desestimar y revocamos la resolución del Tribunal de Primera Instancia en el caso ante nuestra consideración.
II
En primer lugar, debemos entender en el aspecto jurisdiccional de este Tribunal para atender lo que se nos solicita.
El artículo 4.002 (f) de la Ley de la Judicatura dispone, en lo pertinente que:
(f) Mediante auto de certiorari expedido a su discreción, de cualquier otra resolución y orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. En estos casos, el recurso de certiorari se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución u orden. El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari...".
SAL argumenta la falta de jurisdicción de este Tribunal porque no se apeló dentro de los treinta (30) días desde la notificación verbal de la orden del Tribunal de Primera Instancia. SAL alega que de acuerdo al caso de *947 Pueblo v. Olmeda Llanos, __ D.P.R. _ (2000), Op. del 23 de octubre de 2000, 2000 J.T.S. 165, el Tribunal Supremo, en una decisión Per Curiam, indicó lo siguiente:
"La referida sentencia fue dictada en corte abierta y en presencia de todas las partes, el 15 de marzo de 2000. Desde entonces, las partes quedaron notificadas de dicha sentencia. La minuta que lo acredita fue transcrita y certificada, el 16 de marzo de 2000. El Tribunal de Circuito de Apelaciones tuvo ante si dicha minuta, ya que fue incluida por el señor Procurador General en el apéndice del recurso. En Pueblo v. Amaud, supra, resolvimos que el ordenamiento procesal penal y la práctica judicial permiten y avalan el uso de la minuta como constancia de una decisión judicial. Surgiendo de la minuta en este caso que el recurso fue presentado dentro de los treinta días siguientes a la fecha en que la sentencia fue dictada, nada más necesitaba dicho Tribunal para cerciorarse fehacientemente de su jurisdicción, por lo que, a tales fines, resultaba inmaterial la fecha de notificación de la minuta". Pueblo v. Olmeda Llanos, supra, a la página 242.
El caso de Pueblo v. Olmeda Llanos, supra, es distinto al de autos. En Olmeda se trataba de un caso con una sentencia final, dictada en corte abierta y en presencia de todas las partes, y con ello terminó el proceso en el tribunal de instancia. Por lo tanto, ese Tribunal tenia ante si documentos acreditativos de su jurisdicción. No obstante, el caso ante nos, no trata de una sentencia final, sino de una Resolución Interlocutoria del Tribunal de Primera Instancia, por lo que éste no ha culminado el proceso ante sí y mantiene su jurisdicción. Acorde con el artículo 4.002 (f) de la Ley de la Judicatura y la Regla 32 (D) del Reglamento del Tribunal de Circuito de Apelaciones existe un término de treinta días a computarse a partir de la notificación de la resolución u orden recurrida, siendo esta fecha en el caso ante nos, el 19 de julio de 2000, fecha en que se transcribe y notifica la Minuta de una resolución que no es final.
En el caso de Angel Zayas Ortiz v. Royal Insurance Company, 146 D.P.R. _ (1998), 98 J.T.S. 127, el Tribunal Supremo concluyó que el recurso presentado por Royal Insurance Company ante el Tribunal de Circuito de Apelaciones debió ser desestimado, pues notificó el mismo tardíamente. En ese caso, se recurrió de una minuta en que el tribunal de instancia resolvió un no ha lugar a una sentencia sumaria. El Tribunal Supremo tuvo como punto de partida para el cómputo, el término para recurrir, la fecha en que se notificó la minuta. Eso debe ser así, pues, particularmente en el caso de determinaciones interlocutorias, se requiere constatar los fundamentos de la decisión y también debe acreditarse, de alguna forma, el acto judicial que se pretende revisar.
En el caso de Pueblo v. Pacheco Armand, _ D.P.R. _ (2000), Op. del 14 de enero de 2000, 2000 J.T.S. 18, a la pág. 545, el Tribunal Supremo reconoció que una decisión judicial en un proceso penal puede recogerse válidamente en una minuta del Tribunal y resolvió:
"Por ello, resolvemos que cuando una minuta recoge en términos claros y precisos la decisión del juez que se pretende revisar, tal minuta es suficiente para cumplir con lo que exige la Regla 34 (E) (1) (b) del Reglamento del Tribunal de Circuito de Apelaciones. Si el foro apelativo estima que la minuta incluida en el apéndice del recurso por alguna razón no es adecuada, entonces dicho foro debe ordenar al tribunal de instancia emitir pronto una resolución escrita fundamentada. Lo que no procede es que el tribunal apelativo opte inicialmente por la medida drástica de desestimación. Sociedad Legal v. García López, Per Curiam de 23 de enero de 1997, 142 D.P.R. _, 97 J.T.S. 7. Por ende, erró el foro apelativo en el caso de autos al ordenar la desestimación del recurso en cuestión."
Por los fundamentos antes expuestos, resolvemos que este Tribunal tiene jurisdicción en el presente caso.
III
Nuestro Tribunal Supremo, en Pueblo v. Martínez Solís, 128 D.P.R. 135, 147 (1991), expresó que:
"La Regla 20 (A) de Evidencia, 32 L.P.R.A. Ap. IV, "evidencia del carácter de una persona o de un rasgo de su carácter no es admisible cuando se ofrece para probar que en una ocasión especifica la persona actuó de conformidad con tal carácter...". No obstante, esta prohibición, bajo ciertas circunstancias y a manera de *948 excepción, permite prueba de carácter. Por ejemplo, se permite cuando el mismo acusado abre la puerta de su carácter; Pueblo v. Fradera Olmo, 122 D.P.R. 67 (1988); "en una acción penal, sujeta a lo dispuesto en el inciso (E) de la Regla 20 de Evidencia, si la Evidencia es sobre el carácter de la víctima o rasgo de éste y es ofrecida por el acusado para probar la conducta de la víctima de conformidad con dicho carácter o rasgo de éste", Regla 20 (A) (3) de Evidencia; 32 L.P.R.A. Ap. IV, "si la evidencia es ofrecida por el ministerio fiscal para refutar evidencia aducida por el acusado bajo el inciso (3) de la Regla 20 (A)", Regla 20 (A) (4) de Evidencia, 32 L.P.R. A. Ap. IV, y "si la evidencia es ofrecida por el ministerio fiscal en relación al carácter tranquilo o pacífico de la víctima en un caso de asesinato u homicidio, para rebatir evidencia de que la víctima fue el primer agresor". Regla 20 (A) (5) de Evidencia, 32 L.P.R.A. Ap. IV.
La controversia en este caso gira en tomo a la Regla 20 (B) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 20 (B) que establece lo siguiente:

”(B) Aunque evidencia de la comisión de otros delitos, daño civil u otros actos no es admisible para probar el carácter de una persona, con miras a demostrar que actuó de conformidad con tal carácter, dicha evidencia es admisible si es pertinente para otros propósitos, tales como prueba de motivo, oportunidad, intención, preparación, plan, conocimiento, identidad o ausencia de error o accidente"

Bajo la Regla 20 (B) de Evidencia sería admisible prueba de carácter de la víctima, prueba de carácter del acusado bajo ciertas circunstancias o prueba de carácter con el propósito de impugnar un testigo.
Esta Regla 20 (B) de Evidencia aplica, tanto a casos civiles como criminales; es en éstos donde la regla alcanza mayor significación en virtud de los intereses involucrados. En lo penal, se pretende excluir la posibilidad de que el acusado sea hallado culpable a base de dudosas inferencias a partir de una "predisposición" del acusado a delinquir, evidencia mediante prueba de otros delitos u actos distintos al que es objeto de la acusación. Tan pronto la defensa objete, el fiscal tiene el peso de persuadir al tribunal de que: (1) la evidencia ofrecida es pertinente para establecer un hecho importante en controversia: intención, motivo, oportunidad, conocimiento, plan, identidad, ausencia de error o accidente, y (2) el valor probatorio de esa evidencia es sustancialmente mayor que su efecto peijudicial contra el acusado. E.L. Chiesa, Práctica Procesal Puertorriqueña, Evidencia, Vol. I, Cap. IV, a las págs. 79-80 (1983).
El Tribunal Supremo se expresó con relación al alcance de esta Regla 20 (B) en Pueblo v. García Reyes, 113 D.P.R. 843, 855-856 (1983):

"En otras ocasiones, hemos decidido que evidencia de otros delitos cometidos por el acusado no es admisible en un proceso criminal, excepto cuando el delito anterior: (a) es un hecho pertinente para establecer la comisión de un crimen por el cual se juzga; (b) forma parte del res gestae; (c) puede demostrar motivo, intención, premeditación, malicia o un designio común, o (d) forma parte de un mismo evento delictivo."

Por otra parte, la Regla 18, 32 L.P.R.A. Ap. IV 18, establece:

"(A) Excepto cuando de otro modo se disponga por ley o por estas reglas, toda evidencia pertinente es admisible. Evidencia no pertinente es inadmisible.

(B) Evidencia pertinente es aquélla tendente a hacer la existencia de un hecho más probable de lo que sería sin tal evidencia; dicho hecho debe, a su vez, referirse a una cuestión en controversia o a la credibilidad de algún testigo o declarante."

Debemos recordar que la prueba de carácter es, por regla general, inadmisible por su escaso valor probatorio de la evidencia, junto a la probabilidad de efecto peijudicial indebido que reconoce la Regla 19 de las de Evidencia, 32 L.P.R.A., Ap. IV, R. 19. Dicha Regla establece:

*949
"Evidencia pertinente puede ser excluida cuando su valor probatorio es de poca significación en relación a cualesqiuera de estos factores:

a- peligro de causar perjuicio indebido

b- probabilidad de confusión

c- desorientación del jurado

d- dilación de los procedimiento".

La pmeba de carácter no es que sea impertinente, sino se excluye para evitar que el juzgador emita un fallo o veredicto de culpabilidad indebidamente impresionado por la personalidad del acusado.
Con relación al perjuicio indebido, en todo proceso adversativo una parte ofrece evidencia pertinente que tiende a causar perjuicio y no beneficio a la otra parte; justamente por eso se ofrece. Por tanto, nos señala el profesor Chiesa, una objeción en términos de que se excluya la evidencia por su efecto perjudicial, no tiene mucho sentido. El perjuicio indebido se refiere más bien a la evidencia cuyo valor probatorio objetivo es mucho menor al que debe recibir por parte del juzgador. Por ejemplo, evidencia por poco valor probatorio, pero que tiene una alta probabilidad de ser inflamatoria, o excitar indebidamente las emociones del juzgador, debe excluirse. Por otro lado, un factor esencial, enfatizado en los casos al estimar el valor probatorio de la evidencia ofrecida, es la cuestión de necesidad. Como indicamos, aunque la evidencia pertinente ofrecida por una parte suele ser perjudicial a la otra parte, no debe excluirse bajo la Regla 19 de evidencia, meramente por su efecto peijudicial. Este efecto puede ser minimizado con instrucciones al jurado limitando el alcance de la evidencia admitida y el propósito para el cual se ofrece tal evidencia. E.L. Chiesa, infra, a las págs. 62-64.
La pmeba, entonces, hay que evaluarla dentro del contexto de los principios generales de pertinencia. Reglas 18, 19 y 20 (B) de Evidencia, 32 L.P.R.A. Ap. IV. "Aunque evidencia de la comisión de otros delitos, daño civil, u otros actos no es admisible para probar el carácter de una persona, con miras a demostrar que actuó de conformidad con tal carácter, dicha evidencia es admisible si es pertinente para otros propósitos, tales como prueba de motivo, oportunidad, intención, preparación, plan, conocimiento, identidad o ausencia de error o accidente". E.L. Chiesa, Evidencia de carácter y de conducta específica bajo las Reglas de Evidencia de 1979, XV Rev. Jur. U.I.A. 45, 56 n. 28 (1980).
En el caso de autos, el Ministerio Público muy bien puede presentar evidencia de que Navarro era prostituta, que conoció a la víctima y que era usuaria de drogas ("crack") con el propósito de establecer pmeba del motivo, oportunidad, conocimiento de la víctima, y ausencia de error o accidente. En Pueblo v. Ortiz Rodríguez, 1000 D. P.R. 972, 981-982 (1972), nos dice:

"Cierto es que probar la motivación no es indispensable para una condena, pero es igualmente cierto que si el Estado prueba tal motivación, ello constituye un factor que, junto a otros, puede considerarse para probar la culpabilidad. De hecho, constituye un factor importante cuando se produce una condena a base de evidencia circunstancial, el que exista un motivo comprobado para el crimen, tal como el lucro, la venganza o la cólera producida por la riña."

El Ministerio Público alegó la necesidad de probar el elemento intencional de la acusada para matar a la víctima. El no traer pmeba para establecer el motivo, no le permitiría al Pueblo demostrar efectivamente la intención criminal de la acusada. La defensa sólo plantea que la pmeba que el Ministerio Público desea traer, no va a establecer ninguna motivación por parte de Navarro para dar muerte al occiso. Con relación a la cápsula de crack encontrada en la escena del crimen, alegó la defensa de que no hay pmeba de que la acusada estuviese usando sustancias controladas ese día. Además, que de ser dicha pmeba admitida perjudicaría a la recurrida al llevar un mensaje al jurado de que por haber sido prostituta cometió el alegado homicidio. No tiene razón.
*950 Recordemos que la prueba establece: (a) conocimiento de la víctima, (b) a través de la prostitución y (c) uso de "crack". La defensa no puede negar que probando que la acusada era una prostituta y usuaria de "crack", el jurado puede encontrar que la muerte no fue un accidente o consecuencia del resultado de un ataque por parte de la víctima hacia la acusada. Los argumentos de la acusada van mejor dirigidos al jurado, y no a la exclusión de evidencia.
Tanto el tribunal de instancia como la defensa, especulan una intención más allá de la señalada. No vemos esas otras motivaciones que no sean establecer oportunamente conocimiento, intención y motivo para cometer el delito. No existe el perjuicio indebido al permitir al Ministerio Público traer prueba sobre el carácter de la acusada para establecer prueba de motivo a tenor con la jurisprudencia y la Regla 20 (B) de las de Evidencia.
Por otra parte, no debemos perder de perspectiva lo que dispone la Regla 64 (B) (3) de Evidencia, 32 L.P.R. A. Ap. IV:

"(B) Cuando el declarante no esté disponible como testigo, es admisible como excepción a la regla de prueba de referencia.

1....

2....

3. Declaraciones contra interés- una declaración que al momento de ser hecha era tan contraria al interés pecuniario o propietario del declarante o le sometía al riesgo de responsabilidad civil o criminal, o tendía de tal modo a desvirtuar una reclamación suya contra otro, o creaba tal riesgo de convertirlo en objeto de odio, ridículo o desgracia social en la comunidad, que un hombre razonable en su situación no hubiera hecho la declaración a menos que la creyera cierta."

Debemos recordar que la declaración hecha por Navarro de que era usuaria de drogas, que anteriormente se dedicaba a la prostitución y que de esta manera conoció a la víctima, es prueba admisible como declaración contra interés. A la luz de la Regla 64 (B) (3), estas declaraciones son admisibles cuando el declarante no está disponible. Por su parte, la Regla 64 (A) (1) de Evidencia, 32 L.P.R.A. Ap. IV, establece que un testigo no está disponible cuando "está exento o impedido de declarar por razón de un privilegio reconocido en esta regla en relación al asunto u objeto de su declaración”. En el caso de autos, la Regla 23 de Evidencia, 32 L.P.R.A. Ap. IV, establece que los acusados tienen el privilegio de no ser llamados como testigos y de no declarar, por lo que Navarro es un testigo no disponible a tenor con las Reglas de Evidencia. La declaración prestada por Navarro, es una contra interés pecuniario o de propiedad, consiste de hechos conocidos personalmente por ella, no tiene motivos probables para falsificar los hechos declarados, y finalmente, debió haberse dado cuenta de que la declaración era contra su propio interés, por lo que la misma debe ser admitida como excepción a la Regla de Referencia. E.L. Chiesa, Práctica Procesal Puertorriqueña, Evidencia, Vol. I, Cap. VIII, a las págs. 354-355, (1983).
IV
Por los fundamentos antes expuestos, se expide el auto solicitado y procedemos a revocar la Resolución del Tribunal de Primera Instancia, y se ordena que continúen los procedimientos en dicho Tribunal permitiendo al Ministerio Público ofrecer la declaración y prueba del carácter de la acusada con el propósito de establecer pmeba de motivo, oportunidad, conocimiento de la víctima y uso de drogas, a la luz de la Regla 20 (B) de Evidencia, 32 L.P.R.A. Ap. IV, 20 (B).
Lo acuerda y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
*951 ESCOLIOS 2001 DTA 70
1. El Motel Flamingo.
2. No podemos interpretar que esa decisión enmendó la Ley de la Judicatura en su Art. 4.002 (f), 4 L.P.R.A. sec. 22k (f), o el Reglamento de este Tribunal que concede treinta (30) días para presentar el escrito de certiorari desde la notificación de la resolución u orden interlocutoria. A su vez, la Regla 32 (D), 4 L.P.R.A. Ap. XXH, R. 32 (D), Reglamento del Tribunal de Circuito de Apelaciones, concede treinta (30) días para presentar la solicitud de certiorari para revisar resoluciones u órdenes interlocutorias contados desde la fecha del archivo en autos de copia de la notificación de la orden o resolución recurrida.
3. Equivalente a la Regla de Evidencia Federal, 28 U.S.C. Rule 404 (b), Fed. R. Evid. 404 (b):
" Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
4. Véase, también, Fed. R. Evid. 404 (b); Strong, J.W. McCormick on Evidence, Practitioner Series, West Publishing Co., 4th ed., Yol. I, p. 798-800.